IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. RHORABOUGH, | No. CIV S-05-1541-DFL-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on August 2, 2005. Plaintiff's motion for a temporary restraining order (Doc. 12), will be addressed if the court determines that service of this action is appropriate.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,

1

the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

## I.  BACKGROUND

Plaintiff names the following as defendants: California Department of Corrections and Tom Carey, the warden of California State Prison, Solano. Plaintiff also names "'John Doe' Agents." While plaintiff refers to other correctional officers by name in his statement of claim, such officers are not listed on the complaint as defendants. Plaintiff appears to attempt to state a claim based on denial of access to religious services and, possibly, also based on retaliation. Plaintiff seeks compensatory and punitive damages.

## II.  DISCUSSION

The court notes several problems with plaintiff's complaint. First, the California Department of Corrections is immune from suit. Second, the complaint does not adequately allege a claim against Tom Carey, who is a supervisory defendant. Third, plaintiff fails to substantively state claims based either on denial of access to religious services or retaliation.

**A.     Defendant California Department of Corrections**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphar Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition

/ / /

/ / /

1 extends to suits against states themselves, and to suits against state agencies.[1]  See Lucas v. Dep't
2 of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th
3 Cir. 1989).
4       Here, plaintiff names as a defendant the California Department of Corrections,
5 which is immune under the Eleventh Amendment.  By findings and recommendations issued
6 herewith, the court will recommend that the California Department of Corrections be dismissed as
7 a defendant to this action.
8     **B.**    **Defendant Tom Carey**
9       Tom Carey, the warden of the California State Prison, Solano, is named as a
10 defendant to this action.  Because plaintiff does not specifically mention defendant Carey in his
11 statement of claims, the court must presume that he is being sued under a theory of supervisory
12 liability.  Supervisory personnel are generally not liable under § 1983 for the actions of their
13 employees.  See Taylor, 880 F.2d at 1045 (9th Cir. 1989) (holding that there is no respondeat
14 superior liability under § 1983).  A supervisor is only liable for the constitutional violations of
15 subordinates if the supervisor participated in or directed the violations, or knew of the violations
16 and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the
17 causal link between him and the claimed constitutional violation must be specifically alleged.
18 See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441
19 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory
20 personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266,
21 268 (9th Cir. 1982).
22 / / /
23 / / /

---

25    [1]     A state's agency responsible for incarceration and correction of prisoners is a
26 state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

Here, plaintiff's complaint does not specifically allege anything with respect to defendant Carey. Plaintiff will be given an opportunity to amend the complaint.

### C. Plaintiff's Substantive Claims

As indicated above, plaintiff's complaint appears to attempt to state a claim based on denial of access to religious services and/or retaliation. Substantively, plaintiff fails to state a claim under either theory.

"In order to [allege] a free exercise violation, [plaintiff] must [state] the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (recognizing that the United States Supreme Court's decision in City of Boerne v. P.F. Flores, 521 U.S. 507 (1997), invalidated the Religious Freedom Restoration Act and restored the "reasonableness test" as the applicable standard in free exercise challenges brought by prison inmates). In this case, plaintiff has not alleged that he was completely denied all religious services. Instead, plaintiff states that, on three isolated occasions, he was not permitted to go to the prison chapel. In fact, plaintiff states that, on one of these occasions, he nonetheless was able to speak with the chaplain. Moreover, plaintiff has not alleged that attending chapel services is something that is mandated by his faith.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must allege a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also allege that his constitutional right was actually chilled by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner plaintiff must allege the

following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

Here, plaintiff's complaint does not allege that adverse action (presumably, not being allowed to attend chapel) was taken against him because he engaged in some protected conduct. Additionally, plaintiff has not alleged that his First Amendment rights have been chilled because of any alleged retaliation, or that any alleged adverse action did not actually serve a legitimate penological purpose. Plaintiff will be given an opportunity to amend the complaint.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed on August 2, 2005, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED:  October 27, 2005.

*[signature]*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE