IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. RHORABOUGH, | No. CIV S-05-1541-DFL-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief (Doc. 12).

   The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The

1

two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

Eastern District of California Local Rules impose additional requirements for a motion for a temporary restraining order. First, the court will consider whether the moving party could have sought relief by a noticed motion for a preliminary injunctive at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order. See Local Rule 65-231(b). Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order. See Local Rule 65-231(c).

///

1         Finally, in cases brought by prisoners involving conditions of confinement, any
2  temporary restraining order or preliminary injunction must be narrowly drawn, extend no further
3  than necessary to correct the harm the court finds requires preliminary relief, and be the least
4  intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).
5         In his motion, plaintiff states that a classification committee at California State
6  Prison – Solano recommended him for an "adverse transfer."  Plaintiff further states that the
7  "transfer will violate my constitutional rights, causing irreparable harm."  Plaintiff seeks an order
8  preventing the transfer.  Other than the foregoing, plaintiff recites no other facts or law.  It
9  should be noted that, after plaintiff filed his motion, he was in fact transferred to another prison.
10        Plaintiff's motion should be denied because he has not established irreparable
11 injury.  Prisoners have no constitutional rights with respect to their classification status.  See
12 Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir.
13 1998).  Moreover, prisoners have no constitutional rights with respect to avoiding being
14 transferred to another prison.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).  Because
15 plaintiff has no constitutional rights with respect to his transfer, plaintiff has not established that
16 any injury would result from the transfer.
17        Based on the foregoing, the undersigned recommends that plaintiff's motion for
18 injunctive relief (Doc. 12) be denied.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   August 17, 2006.

                                                      **CRAIG M. KELLISON**
                                                     UNITED STATES MAGISTRATE JUDGE