1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES R. RHORABOUGH,                    No. CIV S-05-1541-DFL-CMK-P

12                    Plaintiff,

13          vs.                              FINDINGS AND RECOMMENDATIONS

14   TOM CAREY, et al.,

15                    Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint (Doc.

19   27).

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

25   Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and

26   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

1

8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

In the second amended complaint, plaintiff names the following: Carey, Valadez, Rodriguez, Jensen, Renfrow, Butler, Ledezma, Fields, Calderon, Grannis, Dickenson, Cervantes, Motschenbacher, Martinez, Chavez, Beyer, Magee, Flores, Montana, Sims, Chirilla, Noble, and Nergenah.  Plaintiff states that defendants have violated his right to free exercise of religion by preventing him from engaging in conduct mandated by his faith.  Specifically, plaintiff states that he was not allowed to attend services with a chaplain for no legitimate penological reason.

Plaintiff states that defendants Montana and Sims filed "false and misleading" rules violation reports in 2004 which resulted in his being placed on "C-status," which is a lower privilege group.  Plaintiff states that he notified defendant Renfrow in person that he "was being given a hard time," but that defendant Renfrow responded that plaintiff would have to solve his own problems.  Plaintiff also states that a number of inmate witnesses were not allowed to testify at the disciplinary hearing, thereby violating his due process rights.  Plaintiff alleges that defendant Carey was informed of this situation but did nothing.

Plaintiff also contends that his Eighth Amendment rights were violated because his need for a mental health assessment was not acknowledged.  Again, plaintiff claims that defendant Carey was made aware of this but did nothing.

1    Next, plaintiff alleges that, on December 19, 2004, defendants Martinez and

2    Flores escorted him from chapel services with the chaplain back to his cell.  He also alleges that,

3    on January 30, 2005, he was again escorted by defendants Chavez and Magee from the chapel

4    back to his cell.  Plaintiff states that both "incidents were presided over by . . . Fields and

5    Calderon, and classified by . . . Motschenbacher."  Additionally, plaintiff states that defendants

6    Butler, Grannis, Dickinson, Cervantes, Motschenbacher, and Chirilla were all made aware of the

7    foregoing, but did nothing.

8    Plaintiff also claims that defendant Beyer threatened to charge him with rules

9    violations and to generally "worsen [his] living conditions" due to inmate grievances he filed.

10    Finally, plaintiff claims that "[t]he CDCR and its employees have transferred me

11    to a Level IV facility as retaliation."  Plaintiff states that defendants Noble, Butler, Renfrow,

12    Nergenah, and Ledesma, were directly involved in this retaliation.  Plaintiff claims that this

13    chilled his rights to free exercise and has caused him to be dependent on psychiatric medications.

14    Plaintiff seeks compensatory damages.

15

16                              **II. DISCUSSION**

17    Plaintiff claims that defendant Carey was aware that he was not allowed to call

18    inmate witnesses at his disciplinary hearing.  If true, this would state a claim against defendant

19    Carey based on a procedural due process violation.

20    In the second amended complaint, plaintiff contends that his Eighth Amendment

21    rights were violated because his need for a mental health assessment was not acknowledged.  As

22    to this same allegation in the first amended complaint, the court stated:

23           . . . Plaintiff has not, however, alleged that the failure to acknowledge his
             need for a mental health assessment resulted in the denial of the minimal
24           civilized measure of life's necessities.  More specifically, plaintiff does
             not allege that the defendants' failure resulted in further significant injury
25           or the unnecessary and wanton infliction of pain.  Again, plaintiff will be
             given an opportunity to clarify this claim.
26

                                        3

This defect persists in the second amended complaint.  It thus appears that plaintiff is either unable or unwilling to cure this defect through amendment.

Plaintiff claims that he was not allowed to attend religious services because he was placed on C-status.  As to this same allegation in the first amended complaint, the court stated:

> . . . Plaintiff does not, however, assert that attending religious services is mandated by the Christian faith.  Because it is conceivable that plaintiff could cure this defect through amendment, he will be given an opportunity to amend as to this claim.  Again, plaintiff must allege a specific causal link to a named defendant.

While plaintiff has now alleged that attendance at chapel services is mandated by his faith, he has not linked this alleged violation to any named defendant, despite having been cautioned to do so.  Plaintiff allegations concerning December 19, 2004, and January 30, 2005, are of no avail because, while plaintiff mentions named defendants, the allegations do not set out any wrong doing.  Specifically, plaintiff only states that he was escorted to his cell from the chapel.  In fact, this allegation tends to contradict plaintiff's contention that he was not allowed to attend chapel.  Again, it appears that plaintiff is unable or unwilling to cure the defect through amendment.

Plaintiff claims that defendants Noble, Butler, Renfrow, Nergenah, and Ledesma, were directly involved in transferring him to a Level IV facility "as retaliation."  Plaintiff does not, however, state what the alleged retaliation was for.  Specifically, plaintiff does not allege that the retaliation resulted from his exercising a constitutional right, such as filing an inmate grievance or a court action.  In addressing this defect in the first amended complaint, the court advised plaintiff of this requirement and other standards applicable to retaliation claims.  Nonetheless, plaintiff appears either unable or unwilling to cure the defect through amendment.

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the defective claims.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). The second amended complaint otherwise appears to state a due process claim against defendant Carey based on alleged refusal to allow plaintiff to call witnesses at the disciplinary hearing.

Based on the foregoing, the undersigned recommends that:

1.      Plaintiff's second amended complaint be dismissed as to all claims as against all defendants except plaintiff's due process claim against defendant Carey only; and

2.      This matter be referred back to the Magistrate Judge for issuance of such orders as are appropriate to effect service of the complaint on defendant Carey.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:   October 2, 2006.


_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE